THE BOARD OF COMMISSIONERS OF CHASE COUNTY V. E. P. ALLEN.

HIGHWAY; *Damages; Notice.* A non-resident owner of lands, not having a resident agent in the county, and having no actual notice of the view of the road located and laid out over his premises, may maintain an action for the damages sustained by him for the location and opening of the road; and the cause of action is not barred by the limitation contained in the proviso of ₰5, ch. 108, Laws of 1874.

*Error from Chase District Court.*

ACTION brought by *Allen* against the *Board of Commissioners*, to recover damages in the sum of $240, alleged to have been sustained by the plaintiff by reason of the location and opening of a public road through his land. Trial at the May Term, 1880, of the district court, and judgment for the plaintiff for $200 and costs. The *Board* brings the case here. The opinion contains a sufficient statement of the facts.

*W. S. Romigh,* county attorney, for plaintiff in error.

*S. N. Wood,* and *W. C. Campbell,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by defendant in error (plaintiff below) against the board of commissioners of Chase county, to recover damages alleged to have been sustained by him by reason of the location and opening of a public road through his land. The road was located on the 10th day of April, 1877, and immediately opened for public travel. On the 7th day of April, 1879, plaintiff presented his claim for damages to the board of county commissioners. The board refused to allow the claim. On the 8th day of April, 1879, this action was begun. To the petition the board filed its demurrer, which was overruled, and thereafter its answer was filed. On the trial, the board asked the court to instruct the jury that "to entitle the plaintiff to recover, he must present his claim to the board of commissioners within

one year from the location of said road, where no personal service of notice had been served." The court refused the instruction, and of this complaint is now made. It is urged that the following proviso of § 5, ch. 108, Laws of 1874, is controlling: "In case any person has not received the notice of the view of said road, as provided for in sec. 4, he may at any time within twelve months after the location of said road file an application for damages with the county commissioners, who shall determine the amount of damages sustained by such claimant; and all applications for damages shall be forever barred unless they are presented as provided for in this act."

This limitation clause has reference to the parties mentioned in § 4, and is only applicable to the owners of lands who reside in the county, or have agents residing therein, at the time of the survey and location of the road; therefore it does not debar a non-resident owner, not having a resident agent in the county, and having no actual notice of the location and survey of a road over his lands. Such a person is not required by law to present a written claim to the viewers, or waive his right to damages. Under no other construction would a non-resident land-owner, having no agent residing in the state, have opportunity of asserting a claim for damages; and certainly his land ought not to be taken without notice and without compensation for public use; yet such would be the effect in many cases, if he were required to file his application within twelve months after the location of the road, for it might often happen that he would not have knowledge of such location until the expiration of more than twelve months.

The judgment of the district court will be affirmed.

All the Justices concurring.